**Horick v. Laird**

*Donald G. Oyler* and *E. Nelson Read,* for plaintiff.
*Russell F. Griest,* for defendant.

SHADLE, J., June 25, 1971.—Plaintiff instituted this action in equity seeking an accounting from defendant for a share of the profits in an alleged business partnership, and to enjoin defendant from disposing of plaintiff's interest therein. Defendant filed an answer denying certain of plaintiff's material allegations, and under the heading of "New Matter" alleging that plaintiff was unlawfully competing with defendant, using the latter's customer lists, and interfering with his contracts, and praying that plaintiff be enjoined from so doing, furnish an accounting and pay damages. Plaintiff filed preliminary objections in the nature of a motion to strike and a demurrer to the new matter in defendant's answer, which objections are before us for disposition.

The motion to strike is based upon the sole ground that defendant's claim is captioned under the heading of "New Matter" rather than "Counterclaim" as required by Pennsylvania Rule of Civil Procedure 1031. Plaintiff technically is correct. While we would be inclined to treat the defect as de minimis, since defendant will, in any event, be required to amend his answer, he will be given the opportunity to amend the heading of his claim as well.

Plaintiff's demurrer is predicated on the ground that defendant has failed to allege facts, as distinguished from conclusions, to support his claim for relief regarding (a) unfair competition, (b) use of customer lists alleged to be trade secrets, and (c) in-

terference with contracts. Defendant alleges that plaintiff "acquired the customers' lists of Merl Laird which was a trade secret of defendant and . . . interfered with and solicited business from the customers of Merl Laird in direct competition with defendant," that "plaintiff unlawfully competed with defendant by using Merl Laird's private customer list, soliciting his clientele and engaging in competition with Merl Laird inconsistent with the . . . (partnership agreement)," and that "plaintiff interfered with previous contractural relations between Merl Laird and . . . (a named party) regarding the processing, manufacturing and distribution of . . . (the product in question)."

Plaintiff's objections to these allegations are well founded. The claim that plaintiff solicited business from defendant's former customers (who apparently actually were customers of the partnership) and thereby unlawfully competed with defendant is not shown by the alleged facts to be unlawful. Where a partnership agreement contains no restriction concerning competition by partners upon dissolution, one partner may immediately thereafter go into the same business and directly solicit customers of the old firm to the financial detriment of his former partner: Denawetz v. Milch, 407 Pa. 115 (1962). It is alleged that such competition here is "inconsistent" with the partnership agreement, but without setting forth any such restrictive terms in detail, it is impossible to determine whether any such alleged violations are the subject of redress.

As to the alleged unlawful use by plaintiff of defendant's customer lists, such lists do not become protectible assets merely by denominating them as "private customer lists" or "trade secrets." Equity will not protect mere names and addresses easily ascertainable by observation or by reference to directories, and

not assembled except by great difficulty and by the compiler's efforts and experience: Denawetz, supra. Absent the allegation of facts showing that the customer lists actually had the status of trade secrets, defendant is not entitled to equitable relief against their unauthorized use.

Finally, defendant fails to aver with particularity in what manner plaintiff interfered with the former's preexisting contract with a third person so as to entitle him to equitable protection therefrom. Defendant's statement that "plaintiff interfered" with the contract is a mere conclusion and is insufficient to warrant relief.

### ORDER

And now, to wit June 25, 1971, plaintiff's preliminary objections in the nature of a motion to strike and a demurrer to the "New Matter" in defendant's answer are sustained in the particulars herein set forth, with leave to defendant to file an amended answer to plaintiff's complaint within 20 days from this date. An exception is noted for defendant.